UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20048-WILLIAMS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DOMINGO MARTINEZ-PERALTA,

     Defendant.

_____/

## DEFENDANT DOMINGO MARTINEZ-PERALTA'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT, REQUEST FOR DOWNWARD DEPARTURE OR VARIANCE, AND SENTENCING MEMORANDUM

The Defendant, **DOMINGO MARTINEZ-PERALTA**, by and through his undersigned counsel, and pursuant to *U.S.S.G. §6A1.2-3*, *Rule 32 (d), (e)(2)* and *(f)*, *Fed. R. Crim. P.,* and *18 U.S.C. § 3553(a),* respectfully files his objections to the Presentence Investigation Report (hereinafter "PSR"), request for downward departure or variance, and Sentencing Memorandum. In support thereof, Defendant states:

### BACKGROUND

Defendant Martinez-Peralta and his co-defendants were intercepted by the United States Coast Guard on or about January 7, 2022. *See* DE 1. They were formally arrested on February 1, 2022. [DE 4].   On August 14, 2023, the Court granted Defendants' Joint Motion to Dismiss. [DE 81] and, upon the United States' motion, stayed execution of the Order. [DE 84].   The United States subsequently appealed the Order granting dismissal on or about September 12, 2023. [DE 86]. The case had been pending before the Eleventh Circuit until January 15, 2025, when

1

Defendants dismissed their appeal based on this Court's indicative ruling that it would vacate the Order of dismissal.  [DE 142].

At the time of sentencing, Mr. Martinez Peralta will have served almost 40 months and will likely remain in INS custody four (4) to six (6) months before being deported to the Dominican Republic. On May 6, 2025, this Court sentenced co-defendant Jose Antonio Granados-Ipuana to 42 months.  [DE 170].  On June 26, 2023, co-defendant Riquelvis Alfonseca pled guilty, and was sentenced to 50 months [DE 77], and was released from BOP custody on November 27, 2024.  *See BOP Inmate Search for Riquelvis Alfonseca, attached as Exhibit A.*  To ensure parity with co-defendants already sentenced in this matter, Mr. Martinez-Peralta requests the Court sentence him to 42 months.

### *Objection to PSR Paragraphs 17, 23, 26, 28, 32 & 42: Base Offense Level, Adjusted Offense Level, Total Offense Level, & Guideline Provisions*

Defendant objects to Paragraphs 17, 23, 26, 28, 32 & 42 of the PSR, which result in a Total Offense Level of twenty-nine (29), Criminal History I, and a guideline sentencing range of 87 to 108 months imprisonment. *See PSR at ¶¶ 32 and 42.*

As more fully explained below, Defendant submits that his Total Offense Level should be twenty-four (24), not twenty-nine (29).  This calculation is based on a two-level reduction for minor role (*PSR, at ¶26)*, which in turn triggers a three-level decrease under §2D1.1(a)(5), for a Base Offense Level of  33 not 36 (*see PSR, at ¶ 23*).

Mr. Martinez-Peralta proposes the following Offense Level Computation:

| | |
|---|---|
| **Drug Quantity Table Offense Level:**<br>*at least 150 KG but less than 450 KG of Cocaine* | 36 |
| **§ 2D1.1(a)(5)** –*If Mitigating Role Adjustment given under §3B1.2* | -3 |
| | |
| **Base Offense Level:** | **33** |
| **Specific Offense Characteristics:** Safety Valve | -2 |
| **Adjustment for Role in the Offense:** Minor Role Adjustment | -2 |
| | |
| **Adjusted Offense Level** | **29** |
| | |
| **Acceptance of Responsibility § 3E1.1(a)** | -2 |
| **Acceptance of Responsibility § 3E1.1(b)** | -1 |
| **Zero-Point Offender** | -2 |
| | |
| **Total Offense Level:** | **24** |

This would result in a guidelines range of 51 to 63 months imprisonment (Total offense level 24, Criminal History Category I),[1] and aligns with co-defendant Riquelvis Alfonseca's sentence of 50 months and co-defendant Granados-Ipuana's 42 months sentence, thereby ensuring equitable treatment among co-defendants.

*Objection to PSR Paragraph 17: Minor Role Adjustment*

Mr. Martinez-Peralta objects to Paragraph 17 of the PSR, insofar as it states that "[n]either an aggravating nor a mitigating role adjustment is recommended" as to the crew members. Defendant Martinez-Peralta's limited conduct meets the factors set forth in Application Note 3 (C) and warrants a minor role reduction under §3B1.2 and §2D1.1(a)(5).

---

[1] A sentence along the proposed guideline range would be in line with sentences imposed in this district in Title 46 cases. See, *US v. Jose Julio Hernandez-Olaya, 21-cr-20438-Bloom (57 months); US v. Alexander Castillo, 16-cr-20060-Scola (41 months); US v. Johnny Jones 15-cr-20463-Williams (70 months); US v. Moises Adon Fajardo-Pena, 22 cr-20415-Williams (credit for time served).* These were all cases handled by the undersigned's through CJA court appointment and most if not all, were handled by AUSA Rodriguez-Schack.

*Legal Basis for Minor Role Adjustment*

Under *U.S.S.G. §3B1.2*, a defendant is entitled to a two-level if, based upon his/her role in the offense, they were a "minor participant." This determination "is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of a particular case." *U.S.S.G. § 3B1.2, Application Notes 3(C)*.

"[T]he district court must measure the defendant's role against the relevant conduct for which she has been held accountable" *United States v. DeVaron*, 175 F.3d 930, 939-40 (11th Cir. 2001); *see also United States v. Cardenas*, 654 Fed. Appx. 982, 983 (11th Cir. 2016) ("The district court's determination of the defendant's role in the offense should be informed by two principles…first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing and second, [his] roles as compared to that of other participants in [his] relevant conduct").

Mr. Martinez-Peralta was one of five individuals aboard a self-propelled go-fast vessel (GFV), that was interdicted by the U.S. Coast Guard ("USCG"). He did not recruit anyone. He was recruited by others to serve as a simple crew member. He was offered payment for this basic task. He was never told of any plans and was, in fact, transported to a beach in early January 2022 and taken to the GFV just before departure. *See PSR at ℙ 13*.

The sentencing guidelines provide a "range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." *U.S.S.G. § 3B1.2, Application Notes 3(A)*. "A defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline." *United States*

4

*v. Boyd,* 291 F.3d 1274 (11th Cir. 2002). According to Application Note 3(C) the Court should consider the following factor in determining whether someone qualifies as a minor or minimal participant:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

*U.S.S.G. §3B1.2, Application Note 3(C) (emphasis added); see also United States v. DeVaron,* 175 F.3d 930, 945 (11th Cir. 1999).  U.S.S.G. § 3B1.2, Application Note 5 states:

> Minor Participant-Subsection (b) applies to a defendant described in Application Note 3(A) who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal.

Based on the foregoing it is clear that i) Mr. Martinez-Peralta had extremely limited understanding of the scope and structure of the subject criminal activity, beyond his role as a crew member; ii) Mr. Martinez-Peralta did not participate in the planning or organization and was, in fact, transported to the vessel without knowledge of where he was going; iii) Mr. Martinez-Peralta did not exercise any decision-making authority; iv) Mr. Martinez-Peralta's role was limited to being a crewmember with no specialized role, skill, or training; and v) His potential benefit was minimal, basic payment as a crewmember with no proprietary interest compared to others

involved.

A "defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role a minimal participant." *United States v. Jimenez*, 756 Fed. Appx. 909 (11th Cir. 2018). A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group." *Id.* The Ninth Circuit, in United *States v. Rodriguez*, 44 F.4th 1229, 1233 (9th Cir. 2022), emphasized that courts must consider all factors in §3B1.2, Application Notes 3(C) when determining whether to grant a mitigating-role adjustment.

Mr. Martinez-Peralta's conduct meets the criteria, and the factors set out in the Application Notes to U.S.S.G. § 3B1.2 and thus, a minor role adjustment is warranted.

*Impact of Minor Role Adjustment on Offense Level*

If the Court grants Mr. Martinez-Peralta a minor role adjustment under §3B1.2, Mr. Martinez-Peralta would be entitled to a three (3) level decrease under U.S.S.G. §2D1.1(a)(5), which provides that "if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection [2D1.1] (c) is . . . level **36**, decrease by **3** levels."

## SENTENCING MEMORANDUM

Based on the calculations above (Total Offense Level 24, Criminal History I = 51 to 63 months imprisonment), Defendant submits that a sentence at the low end of this range with a small downward departure/variance for the time he will spend in ICE custody[2] is "sufficient but not greater than necessary" for punishment under *18 U.S.C. §3553(a)*. Such a sentence would align with co-defendants Jose Antonio Granados-Ipuana, who was sentenced to 42 months on May 6,

---

[2] Mr. Martinez-Peralta will be requesting a small downward departure/variance for the additional incarceration time he will spending in ICE custody awaiting deportation.

2025 [DE 170], and Riquelvis Alfonseca, who was sentenced to 50 months in June 2023 [DE 77], and is supported by extensive case law involving similar offenses and guidelines calculations. *See Supra, n. 1.*

## REQUEST FOR DOWNWARD DEPARTURE/VARIANCE

Mr. Martinez-Peralta asserts that there are factors that warrant a departure and/or variance and requests that, should the Court disagree with Mr. Martinez-Peralta's position on minor role adjustment, the Court grant him a downward departure/ variance under 18 USC § 3553 and/or U.S.S.G. 5K2.0 for the following reasons:

*Avoiding Sentencing Disparity*

Mr. Martinez-Peralta should receive a sentence comparable to co-defendant Jose Antonio Granados-Ipuana, who received a 42-month sentence on May 6, 2025 [DE 170], and Riquelvis Alfonseca, who received a 50-month sentence [DE 77], and was released from BOP custody on or about November 27, 2024. *See BOP Inmate Search for Riquelvis Alfonseca, attached as **Exhibit A.***

*Extended Pre-Trial Detention*

Mr. Martinez-Peralta asks that this Court consider that he has been in custody since January 7, 2022 [DE 1]. In the Order granting the Defendants' Motion to Dismiss, the Court recognized that defendants faced significant delays between interdiction and presentation to a court. The Court noted that the defendants here were not brought before the Court for a period of approximately twenty-four (24) days, on February 1. [DE 81 at 13-15]. Courts have recognized that conditions of detention and confinement may justify downward departures. *See United States v. Carty,* 264 F. 3d 191, 196 (2d Cir. 2001) (holding that conditions of incarceration "may in appropriate cases be a permissible basis for downward departures); *United States v. Hernandez-*

*Santiago,* 92 F. 3d 97 (2d Cir. 1996); *United States v. Sutton,* 973 F. Supp. 488, 493 (D.N.J. 1997), aff'd 156 F. 3d 1226 (3d Cir. 1998); and *United States v. Navarro,* 962 F. Supp. 629, 635 (D.N.J. 1997).

*Additional Time in ICE Custody*

As an additional basis for a variance, Mr. Martinez-Peralta asks that the Court consider the additional incarceration time he will spend in ICE custody awaiting deportation to the Dominican Republic. After completion of his sentence, the Defendant will be transferred to INS custody to be processed for removal from the United States. With no travel documents, the Defendant faces an estimated additional 4-6 months in custody while awaiting processing.

Mr. Martinez-Peralta asserts that the above reasons taken individually or collectively provide sufficient reasons for a downward variance.

## CONCLUSION

**WHEREFORE**, for the reasons detailed herein, the Defendant, DOMINGO MARTINEZ-PERALTA, respectfully requests that this Court adopt the objections to the Presentence Investigation Report, find that the applicable guidelines range herein is a level 24, criminal history category I (51-63 months), grant a variance as set forth in the arguments above, sentence Mr. Martinez-Peralta to 42 months like co-defendant Granados-Ipuana, and grant such other relief the Court deems appropriate under the circumstances.

Mr. Martinez-Peralta and Counsel thank this Court for considering his objections to the Presentence Investigation Report (PSR), and Sentencing Memorandum. Counsel will have further remarks at the time of sentencing.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically

filed via *CM/ECF* this 6th day of May 2025, and a copy served upon all counsel of record.

Respectfully submitted,

**QUINTERO BROCHE &
FONSECA-NADER, P.A.**
*Attorneys for Defendant*
75 Valencia Ave., 8th Floor
Coral Gables, Florida 33134
Tel.:    (305) 446-0303
Fax:    (305) 446-4503

By:     */s/FRANK QUINTERO, JR.*
FRANK QUINTERO, JR.
Florida Bar No.: 399167

9

# EXHIBIT A

An official website of the United States government.   Here's how you know

Search bop.gov

| Home | About Us | Inmates | Locations | Careers | Business | Resources | Contact Us |

# Find an inmate.

Locate the whereabouts of a federal inmate incarcerated from 1982 to the present. Due to the First Step Act, sentences are being reviewed and recalculated to address pending Federal Time Credit changes. As a result, an inmate's release date may not be up-to-date. Website visitors should continue to check back periodically to see if any changes have occurred.

**If an individual is listed as "Released" or "Not in BOP Custody" and no facility location is indicated, the inmate is no longer in BOP custody, however, the inmate may still be in the custody of some other correctional/criminal justice system/law enforcement entity, or on parole or supervised release.**

| Find By Number | Find By Name |

Type of Number

BOP Register Number

Number

02704-506

Search

Result using number **02704-506**

 Clear Form



## RIQUELVIS ALFONSECA

Register Number: 02704-506

| Age: | 46 |
| Race: | Black |
| Sex: | Male |

Not in BOP Custody as of: 12/27/2024

### Related Links

Call or email
Send mail/package
Send money
Visit
Voice a concern

About the inmate locator & record availability

| About Us | Inmates | Locations | Careers | Business | Resources | Resources For ... |
| --- | --- | --- | --- | --- | --- | --- |
| About Our Agency | Find an Inmate | List of our Facilities | Life at the BOP | Acquisitions | Policy & Forms | Victims & Witnesses |
| About Our Facilities | First Step Act | Map of our Locations | Explore Opportunities | Solicitations & Awards | News Stories | Employees |
| Historical Information | Communications | Search for a Facility | Current Openings | Reentry Contracting | Press Releases | Volunteers |
| Statistics | Custody & Care | | Application Process | | Publications | Former Inmates |
| | Visiting | | Our Hiring Process | | Research & Reports | Media Reps |
| | Report a Concern | | | | | |

Accessibility | Contact Us | FOIA | Information Quality | No FEAR Act | Privacy Policy | Website Feedback    .
Bop.gov Mobile Version | USA.gov | Justice.gov | Open Government

https://www.bop.gov/inmateloc/                                                                                          1/1